## Thomas Gannon, et al., v. C. F. Cooke.

1. Payment—*what constitutes.* Payment is established by a transaction in which a third party agrees to take up the obligation of the defendant and actually does take up the same by entering into a novation with the plaintiff.

Action of assumpsit. Appeal from the Circuit Court of Vermilion County; the Hon. Morton W. Thompson, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed October 9, 1905.

F. K. Dunn, G. M. McDowell and O. M. Jones, for appellants.

J. B. Mann and Rearick & Meeks, for appellee.

Mr. Justice Baume delivered the opinion of the court.

This is a suit in assumpsit by C. F. Cooke, appellee, against Thomas Gannon, C. W. Busby and S. D. Richardson, appellants, and one A. W. Cooke, to recover the amount due on a promissory note for $1,000 dated January 27, 1904, executed by the defendants and payable to Samuel W. Baum, one year after date, with seven per cent. interest, and indorsed by him to appellee. Appellants filed a plea alleging they were sureties only for the principal debtor, A. W. Cooke, as appellee well knew; that during the month of March, 1904, the said A. W. Cooke was indebted to divers persons, including one Samuel W. Baum, the payee in the note sued on; that the said A. W. Cooke then agreed with appellee and one Bertie Cooke to sell and convey to them certain real and personal property, and in consideration thereof appellee and the said Bertie Cooke agreed to pay all the debts of said A. W. Cooke, including the note sued on, and to repay themselves out of the said property, returning the balance, if any, to said A. W. Cooke; that said A. W. Cooke did sell and convey said real estate and personal property to appellee and said Bertie Cooke, and that appellee paid said note to said Baum in pursuance of said agreement, and thereby it was fully paid and satisfied.

Appellee replied denying the making of the agreement, the sale and conveyance of the property and the payment of the note as alleged in the plea, and upon the issues thus joined the parties proceeded to trial before a jury. During the progress of the trial appellants were permitted by the court to file an additional plea alleging that appellee and one Bertie Cooke, in consideration of the sale and conveyance by said A. W. Cooke to said Bertie Cooke, of certain real and personal property, promised to pay the note in the declaration mentioned, and afterwards, on July 1, 1904, appellee and said Bertie Cooke executed and delivered to Samuel W. Baum their promissory note in lieu of the note mentioned in the declaration; that said Baum accepted said note so executed by appellee and Bertie Cooke, and surrendered the note in the declaration mentioned to appellee, whereby the said last note was fully paid and satisfied. A general demurrer interposed by appellee to the additional plea was sustained by the court, and at the close of all the evidence the jury, by direction of the court, returned a verdict for appellee, and the court rendered judgment thereon against appellants and A. W. Cooke, for $1,061.80. Error is assigned upon the rulings of the court in sustaining the demurrer to the additional special plea, in excluding certain evidence offered by appellants, and in giving the peremptory instruction asked by appellee.

It is only necessary to consider the propriety of the action of the court in sustaining appellee's demurrer to the additional special plea. The demurrer should have been overruled. The plea in question is inartificially drawn, but we have no doubt it is good on general demurrer.

If appellee and Bertie Cooke agreed with A. W. Cooke, in consideration of the sale and conveyance by him of certain real and personal property to Bertie Cooke, to pay the debts of A. W. Cooke, including the note sued on, and in pursuance of such agreement appellee and Bertie Cooke gave to Samuel W. Baum their note in lieu of the note sued on, and Baum so accepted their note and surrendered the note sued on to appellee, it operated as a payment and dis-

charge of said note. Apart from the agreement set up in the plea, the transaction would not necessarily constitute a payment and discharge of the note mentioned in the declaration, but upon the execution of that agreement, appellee and Bertie Cooke became the principal debtors, in lieu of A. W. Cooke, and appellants became their sureties. Manifestly a principal debtor may not make himself the creditor of his surety with reference to the identical transaction out of which the relation of principal and surety grows.

The proposition contended for by appellee, that the giving of a new note in renewal of a former note will not operate as a payment of such former note, unless it shall appear the parties so intended it, cannot be successfully controverted, but it is not applicable to the facts alleged in the plea here involved. The judgment is reversed and the cause remanded.

*Reversed and remanded.*